## CHARLES SMITH *v.* COMMONWEALTH.

**Criminal Law—Evidence.**

It was error for the court to permit the prosecuting witness in a criminal case, who claimed to have been ravished by the defendant, to state to the jury what she told her husband, as to the alleged occurrence, the defendant not being present at the time.

**Cross-Examination of Witness.**

The defendant in a criminal case should be permitted by his counsel to fully cross-examine the prosecuting witness as to what the defendant did and said at the time of the occurrence of the offense, and it is reversible error for the court, on its own motion, to interfere with the cross-examination and to excuse such witness from answering the questions propounded to her; such a course was prejudicial to the substantial rights of the accused.

### APPEAL FROM GRAYSON CRIMINAL COURT.

June 21, 1877.

OPINION BY JUDGE LINDSAY:

The woman who complained that she had been violated by the appellant, whilst testifying as a witness was allowed to state to the jury what she told her husband as to the alleged occurrence at the spring, the defendant not being present at the time. This was error. Upon her cross-examination as to what occurred at the time of one of the alleged outrages she was asked by appellant's counsel to state the exact language used by the defendant. And again she was asked to state the next thing the defendant did after dragging her to and throwing her on the bed.

In each instance the court of its own motion interposed and directed the witness not to answer the questions, and notified counsel that inquiries as to particulars would not be allowed. These interferences were not authorized by the circumstances of the case, and were prejudicial to the substantial rights of the accused.

The party ravished says Hale may give evidence upon oath, and is in law a competent witness; but the credibility of her testimony,

and how far she is to be believed must be left to the jury, and is more or less credible according to the circumstances of fact that concur in that testimony. For instance, if the witness be of good fame, if she presently discovers offense and make pursuit after the offender, showed circumstances and signs of the injury, if the place in which the act was done was remote from people, inhabitants or passengers, if the offender fled from it, these and the like are concurring evidences to give greater probability to her testimony when proved by others, as well as herself. Roscoe's Crim. Evidence, side-page 880.

Here, according to the statements of this witness, she did not presently discover the offense, although three times outraged. The place selected was her own house. The offender did not flee, but faced her in the presence of her husband, and insisted that the intercourse was had with her full consent. Under such a state of case a full and free cross-examination should have been allowed, and the witness had no right to expect the court to interfere from motives of delicacy for her protection.

The husband of this witness should not have been allowed to detail conversation between himself and wife, had when the appellant was not present. It was error to allow the commonwealth's attorney to ask, and to permit the witness, Logdsen, to tell, that certain men and the wife of one Ben Kessenger left the neighborhood at the same time the defendant left, and that the latter left his family behind. These facts are in no wise connected with the commission of the offense charged, and were only calculated to inflame the minds of the jurors against the prisoner.

Instruction No. 3, given on the motion of commonwealth, should have been refused. There is no pretense that the prisoner operated on the fears of the prosecutrix. She states distinctly that he resorted to personal violence on each occasion. For these errors the judgment must be *reversed* and the cause remanded for a new trial upon principles consistent with this opinion.

*N. S. Robbins, Leslie & Botts, for appellant.   Moss, for appellee.*